# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: <u>1:23−mj−00112−AJ</u>−1

Case title: USA v. Lodge et al                    Date Filed: 06/14/2023

Assigned to: US Magistrate Judge
Andrea K Johnstone

**<u>Defendant (1)</u>**

**Cedric Lodge**                    represented by    **Behzad Mirhashem (FPD)**
                                                      Federal Defender's Office
                                                      The Ralph Pill Bldg
                                                      22 Bridge St
                                                      Concord, NH 03301
                                                      603 226−7360
                                                      Email: behzad_mirhashem@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or Community*
                                                      *Defender Appointment*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18 U.S.C. 371 CONSPIRACY (1) | |
| 18 U.S.C. 2314 and 2 INTERSTATE TRANSPORT OF STOLEN GOODS, AID AND ABET (2) | |

**<u>Highest Offense Level (Opening)</u>**

Felony

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| None | |

**<u>Highest Offense Level (Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
| --- | --- |
| None | |

1

**Plaintiff**

| | |
|---|---|
| **USA** | represented by **John J Kennedy** |
| | DOJ–USAO |
| | 53 Pleasant Street |
| | Ste 4th Floor |
| | Concord, NH 03301 |
| | 603–225–1552 |
| | Email: john.kennedy2@usdoj.gov |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | *Designation: Assistant US Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/14/2023 | | | Arrest (Removal) of Cedric Lodge, Denise Lodge.(kad) (Entered: 06/14/2023) |
| 06/14/2023 | 1 | | COPY of Warrants and Indictment from Middle District of Pennsylvania, Case No. 4:23–CR–159. (kad) (Additional attachment(s) added on 6/14/2023: # 1 Warrants) (kad). (Entered: 06/14/2023) |
| 06/14/2023 | | | NOTICE OF HEARING as to Cedric Lodge. Removal Hearing set for 6/14/2023 04:00 PM before US Magistrate Judge Andrea K Johnstone. (kad) (Entered: 06/14/2023) |
| 06/14/2023 | 7 | | MOTION to Appoint Counsel with Financial Declaration by Cedric Lodge. (Attachments: # 1 Financial Affidavit) (bd) (Entered: 06/14/2023) |
| 06/14/2023 | | | **ENDORSED ORDER approving: 7 Motion to Appoint Counsel. Federal Public Defender Behzad Mirhashem appointed in the case as to Cedric Lodge (1). Assignment accepted on 6/14/2023. *Text of Order: Request Approved. Appoint counsel for limited purpose of today's hearing.* So Ordered by US Magistrate Judge Andrea K Johnstone. (bd)** (Entered: 06/14/2023) |
| 06/14/2023 | | | Minute Entry for proceedings held before US Magistrate Judge Andrea K Johnstone: REMOVAL HEARING as to Cedric Lodge held on 6/14/2023 Court approves financial affidavit for the limited purpose of today's hearing. Defendant: advised of rights and charges, waived identity hearing. The court inquired and defense counsel confirmed that he was declining to sign the *waiver of right to production of warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.* Defendant released on conditions. (Tape #4:06) (Govt Atty: John Kennedy) (Defts Atty: Behzad Mirhashem)(Total Hearing Time: 10 Min) (bd) (Entered: 06/14/2023) |
| 06/14/2023 | 8 | | WAIVER of Rule5(c)(3) Hearing by Cedric Lodge. (bd) (Entered: 06/14/2023) |
| 06/14/2023 | 9 | | **ORDER OF HOLDING DEFENDANT TO ANSWER AND TO APPEAR IN DISTRICT OF PROSECUTION as to Cedric Lodge to the Middle District of Pennsylvania WHEN NOTFIED. So Ordered by US Magistrate Judge Andrea K Johnstone. (bd)** (Entered: 06/14/2023) |

| 06/14/2023 | 10 | | **ORDER Setting Conditions of Release as to Cedric Lodge. So Ordered by US Magistrate Judge Andrea K Johnstone. (bd)** (Entered: 06/14/2023) |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 4:23-CR-159 |
| v. | : | |
| | : | (Chief Judge Brann) |
| **CEDRIC LODGE,** | : | |
| **KATRINA MACLEAN,** | : | |
| **JOSHUA TAYLOR** and | : | |
| **DENISE LODGE,** | : | |
| Defendants. | : | |

## I N D I C T M E N T

THE GRAND JURY CHARGES:

### COUNT 1
18 U.S.C. § 371
(Conspiracy)

**FILED
SCRANTON**

JUN 13 2023

PER _____ JKC _____
**DEPUTY CLERK**

## I.   Background

At times material to the Indictment:

### A.   Relevant Individuals and Entities

1.     Harvard Medical School ("HMS"), located in Boston Massachusetts, was the graduate medical school of Harvard University, a private, non-profit educational institution.

2.     CEDRIC LODGE resided in Goffstown, New Hampshire, and was employed by Harvard Medical School as the Morgue Manager.

3. DENISE LODGE was married to CEDRIC LODGE and resided in Goffstown, New Hampshire.

4. KATRINA MACLEAN resided in Salem, Massachusetts.

5. Kat's Creepy Creations was a studio and store located in Peabody, Massachusetts, and owned and operated by KATRINA MACLEAN.

6. JOSHUA TAYLOR resided in West Lawn, Pennsylvania.

7. Jeremy Pauley resided in Enola, Pennsylvania, and Bloomsburg, Pennsylvania, both within the Middle District of Pennsylvania.

**B.    Harvard Medical School Morgue Operations**

8. HMS utilizes human cadavers in the regular course of teaching its students.

9. Cadavers are voluntarily donated by individuals who complete an agreement with HMS through the Anatomical Gifts Program.

10. When HMS is finished using the donated cadavers, the donor's remains are typically cremated at a crematorium in Roslindale,

2

Massachusetts, and are either returned to the donor's family or laid to rest in a cemetery in Tewksbury, Massachusetts, maintained for that purpose.

11.  Donors may have elected to specify the final disposition of their remains as part of their donation agreement. If a donor specified that their remains should be returned to their next of kin after cremation, HMS turned over the donor's cremains to the specified family member.

12.  Harvard Medical School maintained an onsite morgue facility where donated cadavers were stored until they were used for education, teaching, or research purposes, and again when the school was finished with the cadaver to await final disposition.

13.  Harvard Medical School documented the identities of donated cadavers and maintained a database and records associated with each cadaver. HMS assigned each donated body an identification number and identification tags were affixed to the body and the bag in which it was stored. In preparation for final disposition, Harvard Medical School employees, including the Morgue Manager, confirmed

3

the identity of each cadaver prior to cremation by viewing any identifying marks, if still visible, and assigned identification number.

14.     Employees of Harvard Medical School are not permitted to remove, keep, or sell any human remains, in whole or in part, belonging to a donated cadaver.

## II.    The Conspiracy and its Objects

15.     From in or about 2018, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about March 7, 2023, in the Middle District of Pennsylvania, and elsewhere, the defendants,

**CEDRIC LODGE,**
**KATRINA MACLEAN,**
**JOSHUA TAYLOR, and**
**DENISE LODGE,**

knowingly, intentionally, and willfully conspired, combined, confederated, and agreed with Jeremy Pauley and other persons both known and unknown to the Grand Jury, to unlawfully transport, transmit, and transfer, and cause to be transported, transmitted, and transferred in interstate commerce from Boston, Massachusetts to New Hampshire and Pennsylvania, stolen goods, wares and merchandise, that is, human remains, of the value of $5,000 or more, knowing the

4

same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

16.     The object of the conspiracy was for the conspirators to profit from the interstate shipment, purchase, and sale of stolen human remains.

## III.   Manner and Means

The object of the conspiracy was accomplished, in part, by the following manner and means:

17.     CEDRIC LODGE was employed as Morgue Manager at Harvard Medical School and, as such, had access to the morgue and the donated cadavers stored in the morgue.

18.     At times, CEDRIC LODGE stole dissected portions of donated cadavers, including, for example, heads, brains, skin, bones, and other human remains, without the knowledge or permission of HMS, and removed those remains from the morgue in Massachusetts and transported them to his residence in New Hampshire.

19.     CEDRIC LODGE and DENISE LODGE communicated with others, including KATRINA MACLEAN and JOSHUA TAYLOR,

5

through internet social media websites and cellular telephones regarding the sale of stolen human remains.

20.    CEDRIC LODGE and DENISE LODGE sold stolen human remains to KATRINA MACLEAN, JOSHUA TAYLOR, and others, and sometimes shipped those remains through the United States Postal Service to Pennsylvania and elsewhere.

21.    At times, CEDRIC LODGE used his access to the morgue to allow KATRINA MACLEAN, JOSHUA TAYLOR, and others to enter the morgue and choose what remains to purchase, after which, CEDRIC LODGE, KATRINA MACLEAN, or JOSHUA TAYLOR would remove the stolen remains and transport them elsewhere.

22.    KATRINA MACLEAN sold human remains stolen in this manner to buyers in multiple states, including Jeremy Pauley, in the Middle District of Pennsylvania, and shipped or transported the stolen human remains to those buyers.  MACLEAN also stored and sold stolen remains at Kat's Creepy Creations.

23.    JOSHUA TAYLOR bought and caused stolen human remains to be shipped to him in Pennsylvania from New Hampshire,

6

transported stolen human remains from Massachusetts to Pennsylvania, and sold and shipped stolen human remains to buyers, including Jeremy Pauley, in the Middle District of Pennsylvania.

## IV. Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

24. On multiple occasions in 2018 and 2019, including on or about April 15, 2019, DENISE LODGE communicated with Individual 1, who resided in Montgomery, Pennsylvania, in the Middle District of Pennsylvania, and agreed to sell him human remains stolen from Harvard Medical School by CEDRIC LODGE. DENISE LODGE shipped the stolen human remains from Manchester, New Hampshire, to Montgomery, Pennsylvania, in a package bearing tracking number ending 3423 03.

25. In or about October 2020, KATRINA MACLEAN agreed to purchase two dissected faces for $600 from CEDRIC LODGE, and they

7

agreed to meet at 1:00 p.m. on or about October 28, 2020, at the Harvard Medical School morgue to conduct the transaction.

26.     In or about June and July 2021, KATRINA MACLEAN, in Massachusetts, shipped human skin to Jeremy Pauley, in Pennsylvania, and engaged his services to tan the skin to create leather. On or about July 31, 2021, Pauley sent a photograph of the leather and Maclean agreed to provide Pauley with human skin in lieu of monetary payment. KATRINA MACLEAN then contacted CEDRIC LODGE and inquired about obtaining human skin to send to "the dude I sent the chest piece to tan." CEDRIC LODGE agreed to look for skin at HMS for Maclean to send to Pauley.

27.     On or about August 15, 2021, Jeremy Pauley shipped the tanned human skin from the Middle District of Pennsylvania to KATRINA MACLEAN, in Massachusetts.

28.     On or about September 20, 2021, Maclean shipped human skin from Massachusetts to Jeremy Pauley in the Middle District of Pennsylvania, in payment for his services.  A few days later, Maclean

8

contacted Pauley to confirm the shipment arrived because she "wanted to make sure it got to you and I don't expect agents at my door."

29.    Between on or about September 3, 2018, through July 12, 2021, JOSHUA TAYLOR transferred 39 electronic payments to PayPal account Twiam@yahoo.com, operated by DENISE LODGE, totaling $37,355.56, in payment for human remains stolen by CEDRIC LODGE from Harvard Medical School. For example, on May 19, 2019, Taylor sent DENISE LODGE $1,000 with a memo that read, "head number 7." On November 20, 2020, Taylor sent DENISE LODGE $200 with a memo that read, "braiiiiiins."

30.    On or about October 19, 2021, Jeremy Pauley transferred $8,800 in United States currency to KATRINA MACLEAN via PayPal in payment for stolen human remains.

31.    Jeremy Pauley transferred 25 payments totaling $40,049.04 in United States currency to JOSHUA TAYLOR via PayPal, including $3,500 on April 1, 2021, $8,250 on October 7, 2021, and $9,000 on January 13, 2022.

All in violation of Title 18, United States Code, Section 371.

9

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. §§ 2314, 2
(Interstate Transport of Stolen Goods, Aid and Abet)

From in or about 2018 through on or about August 16, 2022, within the Middle District of Pennsylvania and elsewhere, the defendant,

### CEDRIC LODGE,

did unlawfully transport, transmit, and transfer in interstate commerce, and did aid, abet, induce, and procure the transportation, transmission, and transfer of, stolen goods, wares, and merchandise, that is, human remains, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

10

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. §§ 2314, 2
(Interstate Transport of Stolen Goods, Aid and Abet)

From on or about July 22, 2021, through on or about October 19, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**KATRINA MACLEAN,**

did unlawfully transport, transmit, and transfer in interstate commerce, and did aid, abet, induce, and procure the transportation, transmission, and transfer of, stolen goods, wares, and merchandise, that is, human remains, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

11

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. §§ 2314, 2
(Interstate Transport of Stolen Goods, Aid and Abet)

From in or about September 2018 through in or about July 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

## JOSHUA TAYLOR,

did unlawfully transport, transmit, and transfer in interstate commerce, and did aid, abet, induce, and procure the transportation, transmission, and transfer of, stolen goods, wares, and merchandise, that is, human remains, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

12

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
18 U.S.C. §§ 2314, 2
(Interstate Transport of Stolen Goods, Aid and Abet)

From in or about 2018 through on or about March 13, 2020, within

the Middle District of Pennsylvania and elsewhere, the defendant,

**DENISE LODGE,**

did unlawfully transport, transmit, and transfer in interstate

commerce, and did aid, abet, induce, and procure the transportation,

transmission, and transfer of, stolen goods, wares, and merchandise,

that is, human remains, of the value of $5,000 or more, knowing the

same to have been stolen, converted, and taken by fraud

In violation of Title 18, United States Code, Sections 2314 and 2.

13

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

Upon conviction of the offenses in violation of Title 18, United States Code, Section 371, and Title 18, United States Code, Section 2314, the defendants,

**CEDRIC LODGE,**
**KATRINA MACLEAN,**
**JOSHUA TAYLOR,** and
**DENISE LODGE,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third

14

party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot

be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c).

A TRUE BILL

GERARD M. KARAM
United States Attorney

FOREPERSON

SEAN A. CAMONI
Assistant United States Attorney

6-13-23

Date

15

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DENISE LODGE | ) | Case No.    4:23-CR-159-MWB |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

      **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     DENISE LODGE                                                                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ❑ Superseding Indictment    ❑ Information    ❑ Superseding Information    ❑ Complaint
❑ Probation Violation Petition    ❑ Supervised Release Violation Petition    ❑ Violation Notice    ❑ Order of the Court

This offense is briefly described as follows:

   Conspiracy (18:371), et al

Date:      06/13/2023

*s/ Nicole R. Reynolds*
*Issuing officer's signature*

City and state:      Williamsport, Pennsylvania

Peter J. Welsh, Clerk by N. Reynolds, deputy
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |

Date: _____

                                                     *Arresting officer's signature*

                                                     *Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CEDRIC LODGE | ) | Case No.    4:23-CR-159-MWB |
| | ) | |
| | ) | |
| | ) | |

*Defendant*

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    CEDRIC LODGE                                                                                            ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy (18:371), et al

Date:    06/13/2023

*s/ Nicole R. Reynolds*
*Issuing officer's signature*

City and state:    Williamsport, Pennsylvania

Peter J. Welsh, Clerk by N. Reynolds, deputy
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |

**U.S. DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**JUN 14 2023**

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**IN RE THE MATTER OF:**

_Cedric Lodge_                              Case No.  _____
(Petitioner's Name)                                              (If known)

## REQUEST FOR APPOINTMENT OF COUNSEL

I, _____Cedric Lodge_____, respectfully request appointment of

counsel to represent me as a criminal defendant.

I am financially unable to hire counsel. A completed Financial Affidavit is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _6.14.2023_

_____
Signature of Petitioner

---

### RULING BY JUDICIAL OFFICER

☒ Request Approved. Appoint Counsel _for purposes of today's proceeding_

☐ Request Denied.

☐ Other: _____

Date: _6/14/2023_

_____
U.S. Magistrate Judge

USDCNH-17 (Rev. 4/2018) (Previous Editions Obsolete)

21

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)     USDCNH-119 (3/13)

## UNITED STATES DISTRICT COURT
### District of New Hampshire

**U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

**JUN 1 4 2023**

UNITED STATES OF AMERICA

v.

_Celvre Lolye_
Defendant

Case Number: ___ 23-CR-152 MWB **FILED**

Charging District's Case Number: ___
23-Mj-112

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the ___ _Middle District of Pennsylvania_ ___
(name of other court)

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named of the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise --
     unless I am indicted -- to determine whether there is probable cause to believe that an offense has been
     committed;

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑  an identity hearing and production of the warrant.

❏  a preliminary hearing.

❏  a detention hearing

❏  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be
    entitled in this district.   I request that those hearings be held in the prosecuting district, at a time set by that
    court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date: ___ 6/14/23

Date: ___ 6/14/23

Date: ___ 6/14/2023

cc:     Defendant
        U.S. Attorney
        U.S. Marshal
        U.S. Probation
        Defense Counsel

_____
Signature of Defendant

_____
Counsel for Defendant

_Audreas, Mrme_
☑  United States Magistrate Judge
❏  United States District Judge

23

Case 4:23-cr-00159-MWB Document 18 Filed 06/15/23 Page 23 of 28

AO 467 (Rev. 1/09) Order of Holding Defendant (NH-1/09)

**U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JUN 1 4 2023

**FILED**

United States of America          Case No. 23-mj-112-01-AJ

v.

Cedric Lodge          Charging District Case Number: 4:23-CR-159

**ORDER OF HOLDING DEFENDANT TO ANSWER
AND TO APPEAR IN DISTRICT OF PROSECUTION
OR DISTRICT HAVING PROBATION JURISDICTION**

The defendant having appeared before this Court pursuant to Rule 5, Fed. R. Crim. P., and proceedings having been concluded and the defendant released;

The defendant shall be held to answer in the United States District Court for the Middle District of Pennsylvania and shall appear at all proceedings as required. The defendant shall next appear:

Where:     United States District Court
            Middle District of Pennsylvania
            Herman T. Schneebeli Federal Building & U.S. Courthouse
            240 West Third Street
            Williamsport, PA 17701

When:      WHEN NOTIFIED

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of court where the charges are pending.

SO ORDERED.

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

6/14/2023

cc:    U.S. Attorney
      U.S. Marshal
      U.S. Probation
      Name of Deft=s Atty

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                    USDCNH-40 (5/20)

# UNITED STATE DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

       v.                       ORDER SETTING CONDITIONS OF RELEASE

Cedric Lodge                    Case No. 23-mj-112-01

IT IS ORDERED that the release of the defendant is subject to the following conditions:

☒ 1.    The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

☒ 2.    The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

☒ 3.    The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

☒ 4.    The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

☐ 5.    The defendant shall appear at _____, on _____ at _____ AM  or as otherwise notified.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐ 6.    The defendant is placed in the custody of: (*address to be redacted from electronic version of document entered on CM/ECF*):

_____

_____

_____ Tel. No. _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

                          Signed: _____
                                     *(Custodian or Proxy)*

Page 1 of 5

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (5/20)

☐ 7.  The defendant shall:

☐ (a)  Report on a regular basis as directed by the supervising officer.

☐ (b)  Maintain or actively seek employment.

☐ (c)  Refrain from possessing a firearm, destructive device, or other dangerous weapons.

☐ (d)  Surrender any firearm(s) to:
   ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
   ☐ Other: _____.
   and provide written verification to the supervising officer.

☐ (e)  Surrender any passport to:
   ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
   ☐ Other: _____.
   ☐ by: _____.

☐ (f)  Obtain no passport.

☐ (g)  Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

☐ (h)  Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

☐ (i)  Meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include may include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer.

☐ (j)  Be detained until he/she can be released directly into an inpatient treatment facility. Further hearing to be held upon the completion of the program or upon discontinuation for any reason. Defendant shall promptly notify the court, Assistant U.S. Attorney and the supervising officer of his/her discontinuation of the program or the anticipated program completion date and shall appear for a bail review hearing as scheduled.

☐ (k)  Restrict travel to the State(s) of New Hampshire and _____.
   ☐ Travel to _____ for work purposes only.
   ☐ Travel to _____ for court purposes only.
   ☐ Other: _____.
   Any other travel must be pre-approved by the supervising officer.

☐ (l)  Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
   _____
   _____
   ☐ Those individuals identified on the list provided to defendant and his/her counsel at the hearing.
   ☐ Contact is permitted with _____, but defendant shall not discuss this case.
   ☐ Other: _____.

☐ (m)  Have no unsupervised contact with any minor children.
   ☐ Other: _____.

☐ (n)  Refrain from    any use of alcohol or    refrain from the excessive use of alcohol.

☐ (o)  Participate in the following home confinement program components and abide by all the requirements of the program:
   ☐ (1)  Curfew: defendant is restricted to his/her residence every day
      ☐ from _____ to _____; or
      ☐ as directed by the supervising officer;
   ☐ (2)  Home Detention: defendant is restricted to his/her residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the supervising officer; or
   ☐ (3)  Home Incarceration: defendant is restricted to his/her residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release          USDCNH-40 (5/20)

☐ (4)   The home confinement program will include electronic monitoring or other location verification system. Defendant shall pay all or part of the cost of the program based upon his/her ability to pay as determined by the supervising officer.

☐ (p)   Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.

☐ (q)   Refrain from purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (e.g. synthetic marijuana, bath salts, kratom, etc.), whether or not intended for human consumption, without preapproval of the supervising officer.

☐ (r)   Participate in a mental health program which shall include medical, psychological, or psychiatric treatment as directed by the supervising officer and do not discontinue any mental health program without preapproval of the supervising officer.

☐ (s)   Defendant shall take all mental health medications as prescribed by his/her treating physician.

☐ (t)   Execute, and do not withdraw or revoke, authorizations for the supervising officer to communicate and obtain information from his/her health care providers.

☐ (u)   Execute a secured unsecured bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____
_____.

☐ (v)   Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____
_____.

☐ (w)   Execute a bail bond with solvent sureties in the amount of _____.

☐ (x)   Maintain or commence an education program.

☐ (y)   Maintain residence at a halfway house or community corrections center, as deemed necessary by the supervising officer.

☐ (z)   Comply with the following residential requirements or restrictions: _____
_____.

☐ No overnights away from the residence without preapproval of the supervising officer.
☐ Any change in residence must be preapproved by the supervising officer.

☐ (aa)  Comply with the following employment requirements or restrictions: _____
_____.

☐ Refrain from engaging in an occupation, business, profession, or volunteer activity that would require or enable you to _____ without preapproval of the supervising officer.

☐ (bb)  Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

☐ (cc)  Other:


☐ 8.   Participate in the following computer restriction or monitoring program:

☐ (a)   Refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.

☐ (b)   No access to the internet unless preapproved by the supervising officer.

☐ (c)   Computer monitoring software or hardware shall be installed on defendant's computer which will be subject to periodic and unannounced examination by the supervising officer. These examinations may include retrieval and copying of data related to online use from the computer equipment and any internal or external peripheral devices. Defendant shall pay for the cost associated with the monitoring program based upon his/her ability to pay as determined by the supervising officer.

☐ (d)   Defendant shall not access any social media websites, messaging services, and applications that have chat or messaging functions without the approval of the supervising officer (e.g., Facebook, Snapchat, Instagram, WhatsApp, Kik, etc.)

☐ (e)   Defendant shall provide the supervising officer with all current online screen names and passwords and he/she shall not create or use any new profiles or screen names without the prior approval of the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (5/20)

      ☐ (f)    Defendant shall surrender his/her smartphone to the supervising officer immediately. He/she can request that it be
              returned to him/her for trade-in purposes only. If he/she trades in the smartphone proof of the trade-in shall be
              provided to the supervising officer.

☐ 9.   Participate in a sex offender-specific assessment treatment as directed by the supervising officer.

☐ 10.  Provide access to and execute authorizations and do not revoke /withdraw authorizations, for the release of any requested
      financial information as requested by the supervising officer.

      ☐ (a)    Do not incur any new credit charges or open any new lines of credit without preapproval of the supervising
              officer.

      ☐ (b)    Other:

☐ 11.  Abide by all the mandatory, standard and special conditions of supervised release as previously imposed by this court.

<u>**Advice of Penalties and Sanctions**</u>

**TO THE DEFENDANT:**

    **YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a
revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a
fine, or both.

    The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of
not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a
misdemeanor.  This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal
investigation. It is a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to tamper with a witness,
victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to
intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are
significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence,
you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

    (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined
        not more than $250,000 or imprisoned for not more than ten years, or both;

    (2)  on offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not
        more than $250,000 or imprisoned for not more than five years, or both;

    (3)  any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.

    In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (5/20)

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: 6.14.2023

_____
Signature of the Defendant

## Directions to United States Marshal

☐ The United State Marshal is ORDERED to keep the defendant in custody until notified by U.S. Probation or the court that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

☐ The defendant shall be detained until notified by U.S. Probation or the court that he/she can be released directly to an inpatient treatment facility.

☑ The defendant is ORDERED released after processing.

Date: 6/14/2023

_____

☒ United States Magistrate Judge
☐ United States District Judge

cc:    Defendant
       U.S. Attorney
       U.S. Marshal
       U.S. Probation
       Defense counsel