# EXHIBIT "B"

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Cedric Lodge et. al. | ) | Case No. 4:23-CR-159 (Chief Judge Brann) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Harvard University Medical School
25 Shattuck Street, Boston, MA 02115

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Exhibit "A" attached.

| Place: Herman T. Schneebeli Federal Building<br>240 W. Third Street, Suite 218<br>Williamsport, PA 17701 | Date and Time: September 16, 2024 |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*
Date: 8/5/24

CLERK OF COURT

Courtney Pucilowski
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant, Cedric Lodge, who requests this subpoena, are:

Patrick A. Casey, Esquire (pcasey@mbklaw.com)
Myers, Brier & Kelly, LLP, 425 Biden St., Suite 200, Scranton, PA 18503 (570-342-6100)

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 4:23-CR-159 (Chief Judge Brann)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**Exhibit "A"**
**Records Custodian**
**Harvard Medical School**
**25 Shattuck Street**
**Boston, MA 02115**

### Definitions

The term "documents" includes, but is not limited to, any writing, electronic file, graphic matter or other tangible thing, whether printed, recorded, stored electronically, produced by any other process, or written or produced by hand, including, but not limited to, letters, reports, other written communications, correspondence, telegrams, memoranda, summaries, records, itineraries, forecasts, analyses, lab reports, projections, work papers, photographs, tape recordings, models, graphs, statistical statements, notebooks, charts, plans, drawings, artwork, brochures, summaries of negotiations, press releases, intra-office or inter-company communications, routing slips or the like, promotional or advertising materials, marginal comments appearing on any document, invoices, shipping papers, labels, packaging, purchase orders, contracts, printed publications, minutes or records of meetings, minutes or records of conferences, agendas, expressions or statement of policy, lists of person attending meetings or conferences, reports and summaries of investigations, opinions and reports of consultants, studies, evaluations, sound recordings, motion pictures, models, sketches, video tapes, proofs, photographs, films, computer input or output, recordings on disk or tape, archive records, disks, e-mail messages, text messages, internet communications, social media posts, and electronic communications whether or not printed or in hard copy, and any other writings including drafts and revisions.

The requests below relate to Cedric Lodge's employment with Harvard University Medical School. The requests seek records from Cedric Lodge's initial employment to his termination from employment at Harvard University Medical School.

### Documents Requested

1. Provide the personnel file of Cedric Lodge.
2. Provide employment records of annual leave, sick leave, compensation, and pay raises related to Cedric Lodge. Please provide those Cedric Lodge's initial hiring continuing to termination from employment.
3. Provide all documents related to Cedric Lodge's work performance, annual assessments, employment discipline, criticism, or expression of poor job performance.
4. Provide all policies, procedures, guidance, and rules of Harvard University Medical School which Cedric Lodge was subject while serving as an employee.
5. Provide all communications between Cedric Lodge and Mark Cicchetti, Managing Director of the Harvard Medical School ("HMS") Anatomical Gift Program, in which the compliance or non-compliance with HMS policies and procedures were discussed.

6. Provide all communications between Cedric Lodge and Mark Cicchetti, Managing Director of the HMS Anatomical Gift Program, in which the compliance or non-compliance with state or federal laws were discussed.
7. Provide all communications between Cedric Lodge and any of his HMS supervisors in which compliance or non-compliance with HMS policies and procedures were discussed.
8. Provide all "papers to morgue," cadaver identification verifications, cremation checklists, receipt of donor forms, and declarations of closure of file for each donor which is the subject of irregular disposition by Cedric Lodge.