IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : NO. 4:23-CR-159 |
| | : |
| CEDRIC LODGE, KATRINA | : CHIEF JUDGE BRANN |
| MACLEAN, JOSHUA TAYLOR, | : |
| | : |
| Defendants. | : |
| | : |
| | : ELECTRONICALLY FILED |

**DEFENDANT CEDRIC LODGE'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE INDICTMENT**

Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503

Attorney for Defendant, Cedric Lodge

## INTRODUCTION

Defendant Cedric Lodge, by and through his undersigned counsel, hereby submits this Memorandum of Law in Support of his Motion to Dismiss the Indictment.

## BACKGROUND

Cedric L. Lodge served a morgue manager for Harvard University School of Medicine in the department of the Anatomical Gift Program for twenty-seven years. Indictment (ECF 1) ¶¶ 2, 17. Through that position, Mr. Lodge had access to the morgue and cadavers donated to Harvard pursuant to the Anatomical Gift Program. *Id.* ¶ 17. Mr. Lodge allegedly stole dissected portions of cadavers and sold those human remains to co-defendants Katrina Maclean and Joshua Taylor. *Id.* ¶¶ 18, 20.

On June 16, 2023, a five-count Indictment was entered against Mr. Lodge and his co-defendants Denise Lodge, Katrina Maclean and Joshua Taylor. *See generally* Indictment (ECF 1). Two counts apply to Mr. Lodge. Count 1 alleges that Mr. Lodge and his co-defendants conspired to "unlawfully transport . . . stolen goods, wares and merchandise, that is, human remains, of the value of $5,000 or more." *Id.* ¶¶ 15-16. Count 2 similarly asserts that Mr. Lodge transported stolen "goods, wares, and merchandise, that is, human remains" valued in excess of $5,000 in interstate commerce in violation of 18 U.S.C. § 2314. *Id.* at p. 10.

1

On June 27, 2023, Mr. Lodge was arraigned and pled not guilty. (ECF 31.) Pursuant to an Order dated January 28, 2025, trial in this matter is currently scheduled to commence on May 5, 2025, with pretrial motions due on or before March 3, 2025. *See* Order (ECF 110) ¶ 2.

## STATEMENT OF QUESTIONS INVOLVED

QUESTION PRESENTED: Whether Counts 1 and 2 of the Indictment should be dismissed because human remains cannot constitute "goods, wares, merchandise, securities, or money" as required by 18 U.S.C. § 2314?

SUGGESTED ANSWER: Yes.

QUESTION PRESENTED: Whether Counts 1 and 2 of the Indictment should be dismissed because the Indictment does not, and cannot, satisfy the $5,000 Jurisdictional Amount within 18 U.S.C. § 2314?

SUGGESTED ANSWER: Yes.

## ARGUMENT

An indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim P. 7(c). It is sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Willis*, 844

F.3d 155, 161 (3d Cir. 2016) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)).

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) authorizes a defendant to lodge a pretrial challenge for "failure to state an offense" when an indictment fails to meet this standard of sufficiency. A defendant may proceed with this challenge in two ways: (1) that "an indictment is insufficient on the basis that it does not satisfy the first requirement in that it fails to charge an essential element of the crime," *Willis*, 844 F.3d at 162 (quoting *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013)), or (2) "that an indictment fails to state an offense on the basis that 'the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id.* (quoting *Stock*, 728 F.3d at 292).

Counts 1 and 2 of the Indictment against Mr. Lodge allege that he conspired to, and transported, "goods, wares, merchandise, securities, or money" in interstate commerce in the form of human remains whose value exceeded the $5,000 jurisdictional amount. These charges fail under Rule 12(b)(3)(B)(v) and should be dismissed for two reasons.

### I. Counts 1 and 2 of the Indictment Should Be Dismissed Because Human Remains Are Not "Goods, Wares, Merchandise, Securities, or Money" as Required by 18 U.S.C. § 2314.

*First*, human remains do not fit within the statutory reach of 18 U.S.C. § 2314. Title 18 of the United States Code, Section 2314 requires that the defendant transport

3

"goods, wares, merchandise, securities or money" in interstate commerce. 18 U.S.C. § 2314; *Dowling v. United States*, 473 U.S. 207, 214 (1985). "Statutory construction always 'begin[s] by analyzing the statutory language.'" *United States v. Espinal-Cruz*, --- F.Supp.3d ---, Criminal Action No. 24-174-1, 2024 WL 4889869, at *2 (E.D. Pa. Nov. 26, 2024)[1] (quoting *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 251 (2010)); *United States v. Albertini*, 472 U.S. 675, 680 (1985) ("Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language."). To that end, the phrase "goods, wares, merchandise, securities, or money" has been defined to include "a general and comprehensive designation of such personal property or chattels as are ordinarily a subject of commerce." *United States v. Seagraves*, 265 F.2d 876, 880 (3d Cir. 1959) (emphasis added) (citing Black's Law Dictionary, 4th ed. 823 (1951)). Stated otherwise, the item at issue must be (1) personal property which is (2) "ordinarily [] the subject of commerce." *United States v. Smith*, 686 F.2d 234, 241 (5th Cir. 1982)

Pursuant to this definition, the Indictment fails to state an offense. While Counts 1 and 2 are premised on the interstate transportation of stolen "property" in the form of "human remains," courts are in agreement in finding that human remains cannot constitute "personal property." *See., e.g., Wynkoop v. Wynkoop*, 42 Pa. 293,

---

[1] Pursuant to Middle District Local Rule 7.8(a), copies of the unpublished opinions cited herein are reproduced in the attached Appendix.

4

298 (Pa. 1862) ("There is no right of property in such remains, from their very nature. No authority for such claim can be shown in any civilized community from the time of Adam."); *Meagher v. Driscoll*, 99 Mass. 281, 284 (Mass. 1898) ("A dead body is not the subject of property"); *Boorman v. Nev. Mem'l Cremation Soc'y*, 236 P.3d 4, 10 (Nev. 2010) ("Consistent with the majority of jurisdictions that have addressed this issue, we cannot conclude that there is a property right in a deceased human body or its remains."); *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo.1994) ("We formally reject the fictional theory that a property right exists in a dead body that would support an action for conversion.").

This treatment of human remains as not constituting "property" is long held and derived from English common law. *See Bethesda African Cemetery Coal. v. Housing Opportunities Comm'n of Montgomery Cnty.*, 322 A.3d 681, 693 (Md. 2024) ("[T]he common law recognized a protectable interest in personal property in and around the grave – the headstone, the deceased's clothing, and other items buried with the remains of a loved one – but generally held that human remains were not "property.") (collecting cases).

As a matter of law, therefore, the alleged conduct cannot fit within the ambit of Counts 1 and 2 and these counts should be dismissed on this basis alone. *See In re Vericker*, 446 F.2d 244, 248 (2d Cir. 1971) (holding that documents stolen from the FBI were not "goods, wares, [or]merchandise" as required by 18 U.S.C. § 2314);

5

*United States v. Zhang*, 995 F. Supp. 2d 340, 350 (E.D. Pa. 2014) (holding that stolen digital files did not constitute "goods, wares, [or] merchandise" under 18 U.S.C. § 2314).

## II. Counts 1 and 2 of the Indictment Should Be Dismissed Because the Indictment Does Not, and Cannot, Satisfy the $5,000 Jurisdictional Amount.

*Second*, the Indictment has not, and cannot, meet the jurisdictional amount within 18 U.S.C. § 2314. Title 18 of the United States Code, Section 2314 requires that the "goods, wares, merchandise, securities or money" transported in interstate commerce have a value of "$5,000 or more." 18 U.S.C. § 2314; *Dowling v. United States*, 473 U.S. 207, 214 (1985). The requirement "reflects a congressional intent to limit federal jurisdiction to cases involving stolen goods having substantial value and is an essential element of the federal offense." *See United States v. Markus*, 721 F.2d 442, 443 (3d Cir. 1983).

At the outset, and as outlined more fully above, human remains cannot satisfy this jurisdictional element because they are not "property" and have no compensable value. *See Shults v. United States*, 995 F. Supp. 1270, 1276 (D. Kan. 1998) ("[T]he partial remains of a human body[] has no compensable value."); *Bourgoin v. Stanley Med. Rsch. Inst.*, No. No. CV-05-34, CV-05-82, CV-05-83, CV-05-121, CV-05-252, CV-05-186, CV-05-195, 2005 WL 3882080, at **2-3 (Me. Super. Ct. Nov. 23, 2005).

But even if human remains did have a compensable value, and they do not, the Indictment does not allege or specify which human remain *in itself* satisfies the jurisdictional requirement of 18 U.S.C. § 2314. The Government cannot simply aggregate the value of multiple human remains to satisfy this requirement. *See Markus*, 721 F.2d at 444 ("[E]ach count of a multiple count indictment must satisfy this jurisdictional minimum"). Depriving the Court of jurisdiction, this failure by the Court similarly requires dismissal of the Indictment. *See United States v. Lagerquist*, 724 F.2d 693, 695 (8th Cir. 1984) (dismissing count under Section 2314 because, "although Lagerquist transported five checks with a combined value in excess of $5,000, none of the counts standing alone satisfied the jurisdictional amount").

## CONCLUSION

For the reasons stated above, Defendant Cedric Lodge respectfully requests that the Court grant his motion and dismiss Counts 1 and 2 of the Indictment.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
Attorney for Defendant, Cedric Lodge

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Date:  March 3, 2025

## **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss the Indictment was served upon the following counsel of record via the Court's ECF system on this 3rd day of March 2024:

Sean A. Camoni, Esquire
U.S. Attorney's Office
Suite 309
235 North Washington Avenue
Scranton, PA 18503

Christopher R. Opiel, Esquire
Opiel Law
88 N. Franklin Street
Wilkes Barre, PA 18701

Edward J. Rymsza, Esquire
Miele & Rymsza, P.C.
125 East Third Street
Williamsport, PA 17701

/s/ Patrick A. Casey
Patrick A. Casey