# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **NO.  4:23-CR-159-01** |
| | : | |
| **CEDRIC LODGE,** | : | **CHIEF JUDGE BRANN** |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>SENTENCING MEMORANDUM</u>

Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

*Attorney for Defendant, Cedric Lodge*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ....................................................1

II.   SENTENCING REQUEST ...........................................1

   STAGES 1-2: Sentencing Guidelines Calculation and Departures from the
Guidelines ...............................................................2

   STAGE 3: Consideration of § 3553(a) Factors .......................2

    A.    The Nature and Circumstances of the Offense and the History and
Characteristics of Defendant. 18 U.S.C. § 3553(a)(1) ......................6

    B.    The Need for the Sentence Imposed to Reflect the Seriousness of the
Offense, to Promote Respect for the Law, and to Provide Just Punishment for
the Offense. 18 U.S.C. § 3553(a)(2)(A) ..............................8

    C.    The Need to Provide Defendant with Needed Educational or Vocational
Training, Medical Care, or Other Correctional Treatment in the Most Effective
Manner. 18 U.S.C. § 3553(a)(2)(D) ..................................10

    D.    The Kinds of Sentences Available. 18 U.S.C. § 3553(a)(3) .....................10

    E.    The Kinds of Sentence and Sentencing Range Established for—(A) the
Applicable Category of Defendant as Set Forth in the Guidelines—(i) Issued
by the Sentencing Commission. 18 U.S.C. § 3553(a)(4) .................10

    F.    Any Pertinent Policy Statement—(A) Issued by The Sentencing
Commission. 18 U.S.C. § 3553(a)(5) ................................10

    G.    Consider the Need to Avoid Unwarranted Sentence Disparities Among
Defendants with Similar Records Who Have Been Found Guilty of Similar
Conduct. 18 U.S.C. § 3553(a)(6) ...................................11

    H.    Consider The Need to Provide Restitution to Any Victims of The Offense.
18 U.S.C. § 3553(a)(7) .............................................12

III.   CONCLUSION: ISSUANCE OF SENTENCE ...........................12

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Gall v. United States*, 552 U.S. 38 (2007) .......................................................3, 4, 11

*Rita v. United States*, 551 U.S. 338 (2007) ..........................................................4, 11

*Setser v. United States*, 566 U.S. 231 (2012) ...........................................................10

*United States v. Booker*, 543 U.S. 220 (2005) ...........................................................8

*United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006) ..............................................2

*United States v. Hallford*, 1:24-CR-113 (D. Colo.) ..................................................6

*United States v. Hess*, 106 F.4th 1011 (10th Cir. 2024) ...........................................5

*United States v. Levinson*, 543 F.3d 190 (3d Cir. 2008) ...........................................4

*United States v. Lofink*, 564 F.3d 232 (3d Cir. 2009) ...............................................2

*United States v. Pauley*, 4:23-CR-163 (M.D. Pa.).....................................................3

*United States v. Rathbun*, 771 Fed. Appx. 614 (6th Cir. 2019) ...............................5

*United States v. Scott*, 4:23-CR-101 (E.D. Ark.) ......................................................6

### STATUTES

18 U.S.C. § 2314....................................................................................................10

18 U.S.C. § 3553....................................................................................................12

18 U.S.C. § 3553(a) ...................................................................................1, 2, 6, 8

18 U.S.C. § 3553(a)(1) .............................................................................................6

18 U.S.C. § 3553(a)(2)(A) ........................................................................................8

18 U.S.C. § 3553(a)(2)(D) .......................................................................................10

18 U.S.C. § 3553(a)(3) ...........................................................................................10

18 U.S.C. § 3553(a)(4) ...........................................................................................10

18 U.S.C. § 3553(a)(5) ...........................................................................................10

18 U.S.C. § 3553(a)(6) ...........................................................................................11

18 U.S.C. § 3553(a)(7) ...........................................................................................12

18 U.S.C. § 3584(a) ...............................................................................................10

18 U.S.C. § 841(b)(1)(A) ........................................................................................10

## UNITED STATES SENTENCING GUIDELINES

U.S.S.G. § 2B1.1............................................................................................................3

U.S.S.G. § 2B1.1(b)(2)(C) .........................................................................................3

U.S.S.G. § 2L1.1(b)(2)(C) .........................................................................................4

U.S.S.G. § 5G1.3........................................................................................................10

## I.    <u>INTRODUCTION</u>

Mr. Lodge acknowledges the seriousness of his conduct and the harm his actions have inflicted on both the deceased persons whose bodies he callously degraded and their grieving families.  He offers no excuse for conduct and stands ready to except the grave consequences of his actions.  To that end, while his advisory guideline range of 0-6 months permits a sentence of probation, Mr. Lodge recognizes that the Court may deem that a period of imprisonment is necessary to meet the purposes of 18 U.S.C. § 3553(a).  In fashioning his sentence, he asks that the Court reject the Government's imprudent request for a statutory maximum sentence and balance the need to punish his criminal behavior against his acceptance of responsibility and remorsefulness, his diminished mental and medical condition, the lack of any criminal behavior over his 58 years of life, and his low risk of recidivism.[1]

To aid the Court in its consideration of this request, counsel for Mr. Lodge offers the following sentencing memorandum.

## II.    <u>SENTENCING REQUEST</u>

Courts must engage in a three-step process when determining an appropriate sentence. *First*, the Court must calculate the applicable Guideline range. *United*

---

[1] The undersigned counsel has included with the instant Memorandum character letters by family and friends of Cedric Lodge for the Court's consideration attached as Exhibits "A" through "D."

1

*States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).[2] *Second*, the court must determine the basis for any requested departure, and if a departure is warranted, the effect of that departure on Guideline calculation. *Id. Finally*, after considering all factors in accordance with 18 U.S.C. § 3553(a), the Court must impose an appropriate sentence, which may vary from the Guideline range. *Id.*

### STAGES 1-2: Sentencing Guidelines Calculation and Departures from the Guidelines

Here, the United States Probation Office has properly calculated the Sentencing Guidelines. With an offense level of 8 and a Criminal History Category of I, Mr. Lodge has a guideline imprisonment range of 0 to 6 months. Mr. Lodge does not contest that calculation, nor does he contest the possibility of a sentence of imprisonment.

### STAGE 3: Consideration of § 3553(a) Factors

The Government, however, seeks an upward variance of ***22*** levels to an advisory guideline range of ***97-121*** months, only cabined by the statutory maximum sentence of 120 months. Denying Mr. Lodge any benefit from his bargained-for plea agreement (the subject of a separately filed Motion), the Government's request should be denied for several reasons.

---

[2] The sentencing procedure is for the Court to (1) calculate the defendant's Guideline sentence, (2) state on the record whether it is granting a departure, and (3) consider the relevant § 3553(a) factors. *United States v. Lofink*, 564 F.3d 232, 237 (3d Cir. 2009). It is noted that the United States Sentencing Commission recently moved to a two-step process.

First, the Government posits that "Nothing in [U.S.S.G.] § 2B1.1 accounts for the theft and sale of stolen human remains." *See* Government's Sentencing Memorandum, Doc. 184 at 10. But it was the Government which charged Mr. Lodge with economic crimes, for which the Guidelines are significantly driven by criminal loss to the victim. This Court's August 26, 2024 Opinion recognized that pecuniary harm does not include emotional distress, harm to reputation, or other non-economic harm items which would be recoverable in a civil action. *See United States v. Pauley*, 4:23-CR-163 (M.D. Pa.), Doc. 40 at 17. Further, the Court reasoned that, in Section 2B1.1, a defendant's gain cannot be conflated with a victim's loss. *Id.* at 12. Yet, the Government urges the Court to adopt such a process to determine whether an upward variance is warranted. This invitation of the Government is rife with procedural issues. *Gall v. United States*, 552 U.S. 38, 51 (2007) (procedural correctness).

Second, the Government urges the Court to "increase by 6 levels" the Defendant's offense level based upon a clearly inapplicable section of the Guidelines. The prosecution offers, "Yet, in a fraud where 25 or more victims suffered substantial hardship, the offense would be increased by 6 levels. *See* U.S.S.G. § 2B1.1(b)(2)(C)." *See*, Govt's Sentencing Memo, Doc. 184 at 16. Noticeably, no jurisprudence is offered in support of this position. This extreme methodology suggested by the Government appears to be an unsubstantiated and

unguided effort to arbitrarily expose the Defendant to the maximum statutory penalty. Inviting procedural error, it does not provide the Court with a substantive record upon which the Court is to rely for sentencing.

Third, the Government refers the Court to a section of the Sentencing Guidelines applicable to a wholly different crime: Smuggling, Transporting, or Harboring an Unlawful Alien, U.S.S.G. § 2L1.1(b)(2)(C). The prosecution states: "Cedric Lodge did the same." *See* Doc. 184 at 17. Pointedly, he did not. And the Government cannot increase Mr. Lodge's sentence for a crime he did not commit. Any reliance by the Court on this argument to support a gargantuan variance requested by the Government would invite substantive error. *United States v. Levinson*, 543 F.3d 190, 196-97 (3d Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 357 (2007) ("where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so")).

Fourth, in an effort to support its request for a ***1900%*** increase above Mr. Lodges' advisory guideline range of 6 months, the Government offers inapplicable and distinguishable cases.  At the outset, one of the primary purposes of the United States Sentencing Commission and the sentencing guidelines is to reduce disparity in sentencing among defendants in federal court with similar histories who have committed similar crimes. *Gall v. United States*, 551 U.S. 38, 54 (2007).  The cases cited by the Government cites involve defendants with dissimilar histories who

4

have committed different crimes than Mr. Lodge. The applicable sentencing guideline ranges in these cases are far beyond that of Mr. Lodge. Credible jurisprudence is important to guide any significant judicial decision varying from the option of probation in Zone A to the statutory maximum penalty of ten years of incarceration. The cases cited by the Government fail to meet that standard.

For one, in *United States v. Rathburn*, 771 Fed. Appx. 614 (6th Cir. 2019), the defendant received a sentence of 108 months for supplying cadavers to medical professionals while affirmatively claiming that the cadavers were disease-free when in reality they were not. The defendant was convicted of exposing unknowing medical professionals to life-threatening hazardous materials. *Id.* at 618-19. Those facts are absent from this matter. Moreover, the issues raised on appeal did not relate to substantive reasonableness of sentencing.

Similar to *Rathburn*, in *United States v. Hess*, 106 F.4th 1011 (10th Cir. 2024), the defendants exposed recipients of the cadavers to HIV and hepatitis. The Guidelines for Hess were an offense level 34 and a sentencing range of 151-188 months. *Id.* at 1021. His co-defendant had an offense level of 32, carrying a range of 121-151 months of incarceration. These defendants are not similarly situated to Mr. Lodge. Further, *Hess* is a bell-weather case demonstrating why the path suggested by the Government to the Court is without justification. In particular, the *Hess* court carefully vetted the government claim that body parts can constitute

5

"loss," and notably cited the absence of support for a vulnerable victim enhancement. *Id.* at 1023-29; 1031-34.

Finally, the Guidelines in *United States v. Hallford*, 1:24-CR-113 (D. Colo.) were 78 to 97 months, based on an offense level of 28. Mr. Hallford recklessly risks the death of others and was sentenced for theft of $800,000 of covid relief funds.[3] There is no useful analogy to be drawn to Mr. Lodge's conduct from this case.

In reaching a sentence, we ask that the Court consider the following factors within 18 U.S.C. § 3553(a) which favor Mr. Lodge.

### A.     The Nature and Circumstances of the Offense and the History and Characteristics of Defendant. 18 U.S.C. § 3553(a)(1)

The conduct at the heart of this case is egregious. Mr. Lodge admits that and accepts responsibility for his criminal actions. He acknowledges the effect his actions have had on family members of the victims and the disrespect his actions evidenced against some of society's most vulnerable: the deceased. There is no excuse for his actions.

But the conduct is also inconsistent with the way Mr. Lodge has led his life. Born to a single mother after the death of his father, Mr. Lodge has no prior criminal history. He had a good childhood, graduated from Lynnfield High School

---

[3] Note that the Government cites *United States v. Scott*, 4:23-CR-101 (E.D. Ark.); however, there is no reported opinion and no transcript of the sentencing.

in Massachusetts, and maintains a good relationship with his mother, wife, and a step-daughter with delayed intellectual functioning.  His maternal aunt describes him as "one of the best (people) you're ever going to get." *See*, Presentence Investigation Report ("PSR") at ¶ 43. He has been married to co-defendant Denise Lodge for nearly 25 years and has supported her through various health challenges, including Stage IV breast cancer. *Id*. ¶ 44. During her most recent battle with metastases in 2017, Mr. Lodge drove his wife back and forth from Boston daily, all the while working full-time for Harvard.  He continues to be "worried sick about her health" and how she will manage when he is incarcerated. *See*, the Independent Psychiatric Report by Dr. Richard E. Fischbein, M.D. at 10.[4]  Their love, and his concern for his wife, is true.

Professionally, Mr. Lodge was employed for 28 years as a manager at the Harvard Medical School morgue. *See* PSR ¶ 55. During his employment, he regularly received positive performance reviews, with his supervisor noting in reviews dating back to 2015 that Mr. Lodge received "many positive comments from faculty and other staff members" and that he "is a pleasure to work with." Indeed, the circumstances underlying this matter constitute an egregious aberration from other exceptional work performance.

---

[4] Since the Fischbein Report will be filed under seal, defense counsel will make limited, specific references to it in the instant Memorandum.

Mr. Lodge also has physical and mental health issues which should be considered when fashioning a sentence. Physically, he has suffered two strokes and two seizures within the last four years and takes medication for hypertension, dyslipidemia, and diabetes mellitus. *Id.* ¶¶ 49-50. The Report by Dr. Fischbein further indicates that Mr. Lodge suffers from both vascular dementia resulting in short term memory issues and "a significant depressive disorder" which "made him prone to making poor decisions." *See*, Fischbein Report at 11. While Dr. Fischbein writes that Mr. Lodge "does not maintain an antisocial personality structure," his "passive, depressogenic and dependent personality" could result in him being "easily influenced into making poor decisions." *Id.*

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense. 18 U.S.C. § 3553(a)(2)(A)

The Court has wide discretion to impose a sentence that is sufficient but not greater than necessary to effectuate the purposes of section 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005).

As is evident above, Mr. Lodge has lived an upstanding life beyond the instant, serious offense. While the Court may impose an incarcerative sentence above the Guideline range to accomplish statutory objectives, the statutory maximum punishment sought by the Government—120 months—is not needed to promote respect for the law and just punishment for the offense. Mr. Lodge is a

felon and will forever carry the scars of this offense and prosecution. An incarcerative sentence well below the statutory maximum is adequate deterrence to him of further criminal conduct. Statistics compiled by the United States Sentencing Commission show that someone such as Mr. Lodge, with 0 criminal history points, in Criminal History Category I, age 51-60, who has accepted responsibility, poses a low risk for recidivism. *See*, "Recidivism Among Federal Offenders: A Comprehensive Overview" at 19-24, UNITED STATES SENTENCING COMMISSION (March 2016).[5]

Further, there is little need for a lengthy sentence of incarceration to protect the public from Mr. Lodge or to act as general deterrence to the public at large. Cataloguing Mr. Lodge's various health issues and describing him as "a nightmare from a medical point of view," Dr. Fischbein writes that "Cedric Lodge is not an individual who is likely to commit a crime again." *See* Fischbein Report at 12. An incarcerative sentence above the guideline range but well below the statutory maximum sought the Government will send a strong signal that Mr. Lodge's conduct carries a significant penalty, even for those with no criminal history like Mr. Lodge.

---

[5] Find available at: http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf

**C.    The Need to Provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner. 18 U.S.C. § 3553(a)(2)(D)**

Mr. Lodge does not have a need for educational or vocational training or other correctional treatment. However, as noted above, he suffers from serious, chronic conditions which require daily medication and periodic treatments. Mr. Lodge's medical condition makes incarceration an added risk to his health.

**D.    The Kinds of Sentences Available. 18 U.S.C. § 3553(a)(3)**

The statutory maximum penalty provided for this offense is 120 months. PSR ¶ 61; 18 U.S.C. § 2314. However, since the applicable guideline range of 0-6 months is in Zone A, the Sentencing Table, a sentence of probation is available to Mr. Lodge. PSR ¶ 62; 18 U.S.C. § 841(b)(1)(A).

**E.    The Kinds of Sentence and Sentencing Range Established for—(A) the Applicable Category of Defendant as Set Forth in the Guidelines—(i) Issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(4)**

The Court may impose a sentence concurrent with all other sentences. U.S.S.G. § 5G1.3, 18 U.S.C. § 3584(a), and *Setser v. United States*, 566 U.S. 231, 236, 245 (2012) (court may order sentence concurrent or consecutive to an anticipated sentence). Mr. Lodge pled guilty to one count.

**F.    Any Pertinent Policy Statement—(A) Issued by The Sentencing Commission. 18 U.S.C. § 3553(a)(5)**

No policy statement is relevant to this matter.

10

**G.     Consider the Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct. 18 U.S.C. § 3553(a)(6)**

"Section 3553(a)(6) requires judges to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Gall*, 552 U.S. at 54. "As with the seriousness of the offense conduct, avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Id.* The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. *Id.*, at 45, (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)). As indicated above, the Government's advocacy in this case is intemperate and contrary to guidance provided by relevant Supreme Court decisions. Congress sought *uniformity* in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar conduct, as well as proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of different severity. *Rita*, 551 U.S. at 349. Mr. Lodges' Guidelines are 0-6 months in Zone A.  Any variance increasing that sentence must be informed by the law and the facts in a graduated method that logically reflects sensible sentencing practices.

**H.** **Consider The Need to Provide Restitution to Any Victims of The Offense. 18 U.S.C. § 3553(a)(7)**

Restitution is not a sentencing issue. PSR ¶ 76. The defense concurs in the Probation Officer's findings.

### III.   CONCLUSION: ISSUANCE OF SENTENCE

It is respectfully requested that, in exercising the discretion afforded pursuant to 18 U.S.C. § 3553, the Court reject the severe statutory maximum sentence sought by the Government and impose a sentence sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection from the public and rehabilitation.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

*Attorney for Defendant, Cedric Lodge*

Date:  December 11, 2025

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Sentencing Memorandum was served upon the following counsel of record via the Court's ECF system on this 11th day of December 2025.

> Alisan V. Martin, Esquire
> U.S. Attorney's Office
> Suite 311
> 235 North Washington Avenue
> Scranton, PA 18503
>
>
> /s/ Patrick A. Casey
> Patrick A. Casey