

U.S. Department of Justice
*Brian D. Miller*
*United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

*William J. Nealon Federal Building*
*235 N. Washington Avenue, Suite 311*
*P.O. Box 309*
*Scranton, PA 18503-0309*
*(570) 348-2800*

*Sylvia H. Rambo Courthouse*
*1501 North 6th Street, 2nd Floor*
*P.O. Box 202*
*Harrisburg, PA 17102*
*(717) 221-4482*

*Herman T. Schneebeli Federal Building*
*240 West Third Street*
*Suite 316*
*Williamsport, PA 17701-6465*
*(570) 326-1935*

*Please respond to: Williamsport*

December 15, 2025

Honorable Chief Judge Brann
United States District Court
Middle District of Pennsylvania
240 West Third Street
Williamsport, PA 17701

    RE:   *United States v. Cedric Lodge*
           District Case Number: 4:23-CR-00159

Dear Chief Judge Brann:

This letter is offered to the Court in response to its December 12, 2025 order (Doc. 189) that the Government respond to the defendant's assertion that the United States breached the plea agreement by arguing that Lodge should be sentenced to 120 months of imprisonment. (Docs. 186, 187).

In *United States v. Larkin*, the Third Circuit Court of Appeals explained that when a breach of a plea agreement is alleged, the Court must consider the relevant paragraphs of the agreement and the Government's conduct, and then determine if a breach occurred, that is, whether the Government's conduct violates the Government's obligations in the plea. 629 F.3d 177, 186 (3d Cir. 2010). In this case,

the Government's conduct did not violate its obligations. The United States has honored the promises made in the agreement. There is no breach and the motion should be denied.

The paragraphs at issue in the Plea Agreement (Doc. 123) are paragraphs 10 and 11.

Paragraph 10 states:

*If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.*

Paragraph 11 states:

*At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.*

The United States has honored the plain, unambiguous terms of the agreement and there is no breach. The Government *does* recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility as outlined in the presentence report. The government made no promises in the plea agreement regarding the sentence it would ask for and *specifically* reserved the right to recommend the maximum sentence of imprisonment.

2

Moreover, following the logic of Lodge's argument, the Government would be barred from recommending the statutory maximum sentence in any case where it also affirmatively acknowledged or recommended that a defendant is entitled to acceptance of responsibility. But within the structure of federal sentencing, these are two distinct inquiries. It often happens that a defendant accepts responsibility as required by the Guidelines, and then still faces the statutory maximum sentence.[1]

The two recent Third Circuit cases finding a breach both involved specific promises made within the plea agreements that the Government's conduct failed to honor. In *United States v. Cruz*, the Government agreed to recommend a specific total offense level and then failed to affirmatively do so at sentencing. 95 F. 4th 106, 111 (3d Cir. 2024). In *United States v. Davis*, the United States agreed to recommend a sentence at the low-end of the Guidelines range but then presented aggravating factors at a sentencing presentation such that it "essentially recommend[ed] a higher sentence." 105 F.4th 541, 550 (3d Cir. 2024).

Here, the government does not fail to honor the commitment it made to the defendant and there is no ambiguity in the terms of the plea agreement. While the defendant may now regret the terms of the agreement in light of the Government's final recommendation, the

---

[1] A similar situation arose just days ago in this Court in *United States v. William Welsh*, 4:24-CR-00299. The plea agreement in that case contained the same two paragraphs at issue here. (*Welsh,* Doc. 29). The advisory guidelines range, even with acceptance of responsibility, exceeded the statutory maximum of the count of conviction. Defense argued that "[i]mposing the maximum possible sentence despite Mr. Welsh's demonstrations of acceptance and remorse effectively negates any practical benefit of his acceptance of responsibility." (*Welsh,* Doc. 38, p. 12). The court sentenced the defendant to the statutory maximum sentence of 360 months.

3

terms were clear at the change of plea. They are clear now. The motion should be denied.

Respectfully,

*[signature]*

ALISAN V. MARTIN
Assistant United States Attorney
Attorney I.D. No. PA 316757
United States Attorney's Office
240 West Third Street, Suite 316
Williamsport, PA 17701
Telephone: 570-326-1935
Email: Alisan.Martin@usdoj.gov


cc: Patrick A. Casey, Esq.